IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Toys for Trucks, Inc., a California corporation, | |
| Plaintiff, | |
| v. | Civil Action No.: **4:24-cv-1232** |
| Toys for Trucks, Inc., a Wisconsin corporation, | |
| Defendant. | |

## COMPLAINT WITH JURY DEMAND

Plaintiff Toys for Trucks, Inc. ("Toys for Trucks" or "Plaintiff"), for its Complaint with Jury Demand against Defendant Toys for Trucks, Inc. ("TFT2" or "Defendant"), alleges as follows:

### I. THE PARTIES

1.      Toys for Trucks is a California corporation having a principal place of business at 11352 Hesperia Rd. Suite A, Hesperia, CA 92345. Toys for Trucks owns valid and enforceable common law and federal rights in and to the mark "Toys for Trucks" and "TFT" in connection with retail store services for the sale and installation of automotive parts and accessories.

2.      On information and belief, TFT2 is a Wisconsin corporation with a principal place of business at 3005 N. Marshall Road, Appleton, WI 54911-8757.

### II. JURISDICTION AND VENUE

3.      This action arises under § 32 of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

4.      The Court has subject matter jurisdiction over all asserted claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331.

5.      The Court has general and specific jurisdiction over Defendant because it maintains a place of business in this district and infringes Plaintiff's mark in this district at least by operating a retail store and providing retail store services under the infringing name at 2701 W Expy 83, McAllen, Texas 78503.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III. GENERAL ALLEGATIONS

**A.      Plaintiff's Federal Registration for TOYS FOR TRUCKS**

7.      Toys for Trucks has been selling and installing automotive parts and accessories in California under the "Toys for Trucks" name since 1985. Toys for Trucks was established by Steven and Barbara Holmes. James Haskins, the current owner of Toys for Trucks, started working for the company by 1991, and purchased the company in 1998. Mr. Haskins has owned and operated Toys for Trucks ever since.

8.      Consistent with its incontestable Federal trademark registration, Toys for Trucks provides retail store services and installation services to offroad and truck enthusiasts across the country. Its headquarters is currently located at 11352 Hesperia Road, Suite A, Hesperia, California. Below is a photograph of the Toys for Trucks Hesperia Road retail location:



9.      From inception, Toys for Trucks has offered for sale, and installed, car, truck and Jeep original equipment and aftermarket parts and accessories. The automotive aftermarket has grown substantially since Toys for Trucks formed in 1985. Toys for Trucks has grown with the automotive aftermarket and has offered parts and accessories including original equipment engine components, lift kits, leveling kits, suspension kits, wheels, tires, tonneau covers, bed liners, automotive lighting, towing, running boards and steps, performance parts, combustion components, dash accessories, floor mats and liners, winches, truck caps and covers.

10.     Toys for Trucks purchased www.toysfortrucks.net in 2000 and later purchased www.toysfortrucksoffical.com. Below is a screen shot of Toys for Trucks website as of April 1, 2024:



11.     Customers in all fifty states, including Texas, are able to purchase products in the above categories from Toys for Trucks using www.toysfortrucksofficial.com. Toys for Trucks has shipped products into the state of Texas, for example, and continues to solicit clients in Texas using its federal trademark registrations for TOYS FOR TRUCKS and TFT.

12.     As part of its commitment to the off-road and truck culture in the United States, Toys for Trucks has partnered with professional racing teams that featured sponsors such as KN&N, Herman Motorsports and Red Bull. Mr. Haskins served as a driver for these teams and Toys for Trucks provided parts, accessories, and installation services to these national racing teams under the TOYS FOR TRUCKS and TFT trademarks. Below is an example of the trucks and vehicles that featured Toys for Trucks logos on racing vehicles:





13.    Toys for Trucks communicates and markets to its customer base through social media such as Instagram, Facebook and Twitter ("X") using TOYS FOR TRUCKS and TFT.

14.    In recognition of Plaintiff's exclusive right to use the mark "Toys for Trucks," the United States Patent and Trademark Office ("USPTO") granted, and Plaintiff is the owner of incontestable rights in U.S. Trademark Registration No. 2,752,504 for TOYS FOR TRUCKS covering retail store services in the field of parts and accessories for trucks, vans, and other vehicles, namely sport utility vehicles, automobiles and pick-up trucks. This application was filed on September 19, 2002, claims a date of first use of June 21, 1988, and was registered on August 19, 2003. The Registration Certificate is attached at Exhibit 1 and reproduced below.

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,752,504
Registered Aug. 19, 2003

**SERVICE MARK**
**PRINCIPAL REGISTER**

**TOYS FOR TRUCKS**

TOYS FOR TRUCKS (PARTNERSHIP)
16645 WALNUT ST., SUITE A
HESPERIA, CA 92345

FOR: RETAIL STORE SERVICES IN THE FIELD OF PARTS AND ACCESSORIES FOR TRUCKS, VANS, AND OTHER VEHICLES, NAMELY SPORT UTILITY VEHICLES, AUTOMOBILES AND PICK-UP TRUCKS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-21-1988; IN COMMERCE 7-0-1999.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TRUCKS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-451,175, FILED 9-19-2002.

WILLIAM VERHOSEK, EXAMINING ATTORNEY

15.     A combined Section 8 Declaration of Continued Use and Section 15 Declaration of Incontestability was filed for U.S. Trademark Registration 2,752,504 on August 6, 2009, and was accepted by the USPTO on August 15, 2009.

16.     Toys for Trucks also received protection for its common law "TFT" trademark and logo. Application Serial Number 87605333 for "TOYS FOR TRUCKS – TFT –" matured into United States Reg. No. 5567077. The Registration Certificate is attached at Exhibit 2 and reproduced below.





**Reg. No. 5,567,077**

**Registered Sep. 18, 2018**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Toys for Trucks, Inc.  (CALIFORNIA CORPORATION)
Ste. A
11352 Hesperia Rd.
Hesperia, CALIFORNIA 92345

CLASS 35: Retail stores featuring parts and accessories for trucks, vans, and other vehicles, namely, sport utility vehicles, automobiles and pick-up trucks

FIRST USE 2-7-2018; IN COMMERCE 2-7-2018

The mark consists of an outer circle in which the words "Toys for Trucks" appear at the top and "-TFT-" appears at the foot, with an inner circle on which is superimposed a shield in which is contained an arrowhead pointing vertically upwards.

OWNER OF U.S. REG. NO. 2752504

No claim is made to the exclusive right to use the following apart from the mark as shown: "TRUCKS"

SER. NO. 87-605,333, FILED 09-12-2017

17.     A combined Section 8 Declaration of Continued Use and Section 15 Declaration of Incontestability was filed for U.S. Trademark Registration 5,567,077 on October 10, 2023.

18.     Toys for Trucks also received additional protection for its common law "TFT" trademark and logo. Application Serial Number 87608416 for "TOYS FOR TRUCKS – TFT –" matured into United States Reg. No. 5692767. The Registration Certificate is attached at Exhibit 3 and reproduced below.





**Reg. No. 5,692,767**

**Registered Mar. 05, 2019**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Toys for Trucks, Inc.  (CALIFORNIA CORPORATION)
Ste. A
11352 Hesperia Rd.
Hesperia, CALIFORNIA 92345

CLASS 35: On-line retail store services featuring parts and accessories for trucks, vans, and other vehicles, namely, sport utility vehicles, automobiles and pick-up trucks

FIRST USE 2-7-2018; IN COMMERCE 2-7-2018

The mark consists of an outer circle in which the words "Toys for Trucks" appear at the top and "-TFT-" appears at the foot, with an inner circle on which is superimposed a shield in which is contained an arrowhead pointing vertically upwards.

No claim is made to the exclusive right to use the following apart from the mark as shown: "TRUCKS"

SER. NO. 87-608,416, FILED 09-14-2017

19.     Toys for Trucks has common law rights to the trademarks TOYS FOR TRUCKS and TFT through use of these marks.

8

**B.**   <u>**Defendant's Infringing Conduct**</u>

20.     Up until March of 2022, TFT2 operated a small number of stores in northern Wisconsin using the name "TOYS FOR TRUCKS."

21.     TFT2 operates the website www.toysfortrucks.com.

22.     TFT2 uses the following logo on its stores and on its website:



23.     As of March 15, 2022, TTF2's website stated that it was operating "6 Locations across Northeastern Wisconsin." The following screenshot was obtained from www.archive.org and its archive for www.toysfortrucks.com for March 15, 2022.



24.     On information and belief, starting sometime in 2022, TFT2 began rapidly expanding its retail operations nationally. On April 1, 2022, TFT2 stated on its website that it was now operating 12 locations across Wisconsin and the Midwest – a 100% increase in the number of retail locations operating unlawfully using Plaintiff's Toys for Trucks trademarks "TOYS FOR TRUCKS" and "TFT".



25. According to its www.toysfortrucks.com website, TFT2 currently has twenty-nine retail locations in more than a dozen states throughout the United States, including locations in McAllen, Texas; Odessa, Texas; Beaumont, Texas; Post Falls, Idaho; Kingman, Arizona; Bossier City, Louisiana; Tulsa, Oklahoma; North Little Rock, Arkansas; Louisville, Kentucky; and Alachua, Florida.

26. In approximately April and May of 2023, TFT2 opened three stores in Texas, with one in this District:



a. 2701 West Expy 83, McAllen Texas, 78503, https://toysfortrucks.com/mcallen-tx



b. 4075 Old Dowlen Road, Beaumont, Texas 77706, https://toysfortrucks.com/beaumont-tx



c.      4101      East      42nd      Street,      Building      R,      Odessa      Texas      79762, https://toysfortrucks.com/odessa-tx

27.     Starting in April of 2023, TFT2 started offering retail store and installation services for car, truck and jeep parts and accessories unlawfully using Plaintiff's "TOYS FOR TRUCKS" and "TFT" trademarks.

28.     As part of its national expansion out of northern Wisconsin, Defendant expanded the scope of retail and installation services to mirror the scope of services provided by Plaintiff. Namely, customers in stores outside of Wisconsin can receive the same scope of products and services from Defendant as was being offered by Plaintiff prior to Defendant's national expansion.

29.     Defendant's geographical and service related expansion, including TFT2's use of "TOYS FOR TRUCKS" and "TFT" nationally, and in Texas, has created a likelihood of confusion with Plaintiff's senior rights and registrations. Namely, Defendant's use of "TOYS FOR TRUCKS" and "TFT" is the same as Plaintiff's use of the same words and acronym.

30.     Both Plaintiff and Defendant provide the same services to customers. Namely, both parties are providing retail services to consumers of automotive parts, accessories, fitments and installation services. Specifically, both parties provide the sale and installation of interior, exterior, performance, suspension products for trucks and off-road vehicles.

31.     Both Plaintiff and Defendant use the "TOYS FOR TRUCKS" and "TFT" marks to market, advertise and sell products to the same class of purchasers, through the same channels of trade. Namely, the parties sell to truck and off-road enthusiasts seeking products for their vehicles.

32.     Both Plaintiff and Defendant advertise through the same channels. Namely, both advertise and sell through social media and on websites such as eBay.

33.     Defendant's national expansion has also created actual confusion. Plaintiff has received inquiries from consumers and suppliers who are confused between Plaintiff and Defendant. Plaintiff has been required to spend resources in resolving this confusion.

34.     In one instance, for example, Plaintiff received a negligence claim from a consumer who had work done on their car at the Post Falls, Idaho location. Plaintiff does not operate a store in Post Falls, Idaho.

35.     In another instance, Plaintiff was copied on an email intended for Defendant about violating vendor advertising policies on Defendant's website.

36.     Plaintiff has received invoices intended for Defendant as vendors are confused by Defendant's use of "TOYS FOR TRUCKS" and "TFT."

37.     Plaintiff has received complaints from vendors and suppliers regarding timeliness of payments that were intended for the Defendant.

38.     Given the level of care that purchasers in this field use, there is a probability of confusion created by Defendant's use of "TOYS FOR TRUCKS" and "TFT" on retail stores in Texas and nationally.

39.     Upon information, Defendant was aware of Plaintiff's federal trademark registrations at the time it chose to expand nationally using TOYS FOR TRUCKS. Defendant did not contact Plaintiff to seek permission to use "TOYS FOR TRUCKS" or "TFT" as part of this national expansion. Defendant knew that its use of "TOYS FOR TRUCKS" and "TFT" would likely create confusion with customers and harm Plaintiff. Despite this knowledge, Defendant expanded nationally without seeking permission from Plaintiff.

40.     The digits of confusion all indicate that there is a probability of confusion if Defendant is permitted to use TOYS FOR TRUCKS or TFT in Texas and in other locations across the country.

41.    Plaintiff has suffered irreparable impacts to its reputation with consumers and vendors as a result of Defendant's sudden and rapid expansion across the United States using Plaintiff's registered trademarks.

42.    Plaintiff contacted Defendant in August 2023 to notify Defendant about Plaintiff's federal trademark registrations and discuss how to resolve this dispute without litigation. See Exhibit 4. Although Plaintiff and Defendant have had discussions since that time, no agreement has been reached and Defendant has continued to operate its retail stores under the TOYS FOR TRUCKS name.

43.    On information and belief, rather than ceasing use of the infringing name, Defendant has continued opening new stores under the TOYS FOR TRUCKS name. In August 2023, Defendant's website identified only twenty-seven retail locations, now Defendant's website indicates that it has twenty-nine retail locations—meaning that Defendant opened at least two additional retail locations after receiving notice of Plaintiff's incontestable federal registration for the TOYS FOR TRUCKS mark.

44.    Plaintiff has not authorized Defendant to use the TOYS FOR TRUCKS or TFT mark.

45.    Plaintiff's registration of TOYS FOR TRUCKS and TFT was known to Defendant.

### IV. <u>FIRST CLAIM FOR RELIEF</u>
(§ 32 of the Lanham Act, 15 U.S.C. § 1114)

46.    Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

47.    Defendant's actions constitute infringement of Plaintiff's federal service mark registrations for TOYS FOR TRUCKS and TFT and thus violate 15 U.S.C. § 1114.

48.    Defendant used and continues to use TOYS FOR TRUCKS and TFT with full knowledge of Plaintiff's superior rights in the confusingly similar TOYS FOR TRUCKS mark, but

without Plaintiff's authorization. Defendant's described actions are likely to cause confusion with Plaintiff's established and superior service mark rights covered by its federally issued and incontestable TOYS FOR TRUCKS service mark registration.

49.     Defendant's acts constitute willful and deliberate infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of Plaintiff's established and superior rights. Accordingly, this matter should be deemed an exceptional case entitling Plaintiff to attorney's fees and costs under 15 U.S.C. § 1117(a).

50.     As a result of Defendant's unlawful actions, Plaintiff has suffered commercial harm and irreparable injury to the value and goodwill of the TOYS FOR TRUCKS and TFT marks, as well as damage and irreparable injury to Plaintiff's business, goodwill, and reputation.

51.     Plaintiff has been and continues to be harmed irreparably by Defendant's unlawful actions, and Plaintiff has no adequate remedy at law.

## IX. <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff prays for judgment in its favor and against Defendant as follows:

A.     That Defendant, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     any further use of TOYS FOR TRUCKS and TFT marks on or in connection with retail store service in connection with automative parts and accessors and/or any other infringement of Plaintiff's TOYS FOR TRUCKS and/or TFT marks;

(2)     any further direct or indirect use of Plaintiff's TOYS FOR TRUCKS or TFT marks or any mark that is confusingly similar thereto;

(3)     performing any action or using any mark, symbol or slogan that is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the relevant public into believing that Plaintiff and Defendant are one and the same or in some way connected, or that Plaintiff is the sponsor of Defendant and/or its products/services, or that Defendant is in some manner affiliated or associated with, or under the supervision or control of Plaintiff, or that Defendant's services originate with Plaintiff or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiff; and

(4)     any other conduct constituting unfair competition with Plaintiff.

B.     That Defendant be ordered to deliver up to Plaintiff for destruction, or certify destruction of, all materials that include the TOYS FOR TRUCKS or TFT service mark in Texas and/or elsewhere in the United States;

C.     That Defendant be ordered to file with the Court and serve on Plaintiff, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with any ordered injunction;

D.     That Plaintiff be awarded damages, enhanced damages, funds needed to conduct a corrective advertising campaign, costs and expenses of suit, including reasonable attorney's fees and expert witness fees; and

E.     That such other and further relief be awarded as the Court deems appropriate.

## IX. <u>JURY DEMAND</u>

Toys for Trucks hereby demands a jury trial on issues so triable.

Respectfully submitted,


Dated: April 3, 2024        By:   s/Tara M. Williams
                                   Aaron Bradford (*pro hac* application forthcoming)
                                   abradford@sheridanross.com
                                   Tara Williams
                                   Tex. Bar No. 24043999
                                   SD Tex. Bar No. 840077
                                   twilliams@sheridanross.com
                                   Brian Boerman (*pro hac* application forthcoming)
                                   bboerman@sheridanross.com
                                   SHERIDAN ROSS P.C.
                                   1560 Broadway, Suite 1200
                                   Denver, Colorado 80202
                                   Phone: 303-863-9700
                                   Facsimile: 303-863-0223
                                   E-Mail: litigation@sheridanross.com

                                   **ATTORNEYS FOR PLAINTIFF**
                                   **TOYS FOR TRUCKS, INC.**