# Exhibit 4



August 22, 2023

Trevor J. Larson
Toys for Trucks, Inc.
3005 N. Marshall Road
Appleton, WI 54911-8757

**Aaron P. Bradford**
Shareholder
Direct: 303.809.9388
abradford@sheridanross.com

Via FEDEX and Email
trevor@toysfortrucks.com
Sales@toysfortrucks.com

**Re:    Notice of Trademark Rights in "Toys for Trucks"**

Dear Mr. Larson:

I represent Toys for Trucks, LLC, a Hesperia, California-based company specializing in the automotive aftermarket with an emphasis on custom fabrication and modification. Our client has been serving the California auto parts market under the Toys for Trucks name since 1985.

Our client also owns incontestable U.S. Trademark Registration No. 2,752,504 for "Toys for Trucks" covering "Retail store services in the field of parts and accessories for trucks, vans, and other vehicles, namely, sports utility vehicles, automobiles and pick-up trucks." As you may know, "[t]he owner of a registered mark . . . enjoys the unlimited right to use the mark nationwide." *Tana v. Dantanna's*, 611 F.3d 767, 780 (11th Cir. 2010). That is, "[f]ederal registration under the Lanham Act gives the trademark owner a nationwide *right* to protection." *Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc.*, 41 F.3d 1242, 1246 (11th Cir. 1994).

We understand that your business has historically been concentrated in Northeastern Wisconsin.  As of the end of 2021, your website noted that you operated "6 Locations across Northeastern Wisconsin."



While your records will reflect the timing of the decision to grow, and when it was implemented, it appears that you began rapid national expansion about 1 year ago.  On August 16, 2022, your website noted that you have tripled in size with 14 store locations.  Aggressive national growth continues.  Over the last 12 months, you have doubled the number of retail locations to 27 stores in more than a dozen states.



This letter is being sent as it is reasonable to assume that the expansion will continue with the ultimate goal of having a strong presence in the Western United States. Given the size of the California marketplace for aftermarket parts – perhaps one of the largest on the planet – we naturally assume that California is next. Frankly, Kingman, Arizona is at the doorstep of California. It is reasonable to assume that you already have locations scouted, or selected, particularly as your expansion has been through the acquisition of old 4 Wheel Parts locations.

As a result of your expansion, our client has seen a significant uptick in significant instances of confusion. Indeed, our client now spends up to ten hours per week dealing with invoices and other communications that are intended for you. As you may know, such confusion is highly suggestive of trademark infringement. *See, e.g., Helen Curtis Indus. v. Church & Dwight Co.*, 560 F.2d 1325, 1331 (7th Cir. 1977); *Fabick, Inc. v. JFTCO, Inc.*, No. 16-cv-172-wmc, 2019 U.S. Dist. LEXIS 47828, at *14 (W.D. Wis. Mar. 22, 2019) ("At trial, plaintiff presented compelling evidence of actual confusion in the form of mistaken phone calls, emails, and other communications."). There is little doubt that trademark litigation in this case would favor my client given its seniority and the incontestable nature of its trademark for "TOYS FOR TRUCKS."

My client is not litigious, but values his trademark and the California market above all else. If our suspicions regarding your plans to expand into California are correct, it would be best to discuss options before that expansion occurs and injunctive litigation becomes necessary. To be clear, our client will view any use of "Toys for Trucks" in the California market as infringing and action will be taken. And our client also reserves all rights to challenge your use of the name "Toys for Trucks" in other states including the Western United States. *See Good Earth Corp. v. M.D. Horton & Assocs.*, 1998 U.S. App. LEXIS 12572, at *5 (9th Cir. 1998) ("[J]unior users may continue to use a trademark only until such time as the registered trademark owner expands its trade into the junior user's geographic region."); *see also Harod v. Sage Prods.*, 188

August 22, 2023
Page 3


F. Supp. 2d 1369, 1375 (S.D. Ga. 2002) ("[A] registrant with superior rights can enjoin use of the mark in other geographic areas if he decides to expand his business into those areas.").

We welcome your call, or a call from your counsel, to discuss options for resolving this impending conflict no later than September 15, 2023.  My direct dial is 303.809.9388.  While litigation may be inevitable, I am confident that we can explore ways to potentially save each other the cost of litigation through professional and business-like discussions.  I await your call, or a sign that your expansion will proceed without first addressing this issue.

Sincerely,

SHERIDAN ROSS P.C.

Aaron P. Bradford
Shareholder

CC: Brian Boerman, Esq.
Enclosures: Registration Certificate for Reg. No. 2,752,504

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,752,504

**United States Patent and Trademark Office**    Registered Aug. 19, 2003

## SERVICE MARK
### PRINCIPAL REGISTER

## TOYS FOR TRUCKS

TOYS FOR TRUCKS (PARTNERSHIP)
16645 WALNUT ST., SUITE A
HESPERIA, CA 92345

FOR: RETAIL STORE SERVICES IN THE FIELD OF PARTS AND ACCESSORIES FOR TRUCKS, VANS, AND OTHER VEHICLES, NAMELY SPORT UTILITY VEHICLES, AUTOMOBILES AND PICK-UP TRUCKS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-21-1988; IN COMMERCE 7-0-1999.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TRUCKS", APART FROM THE MARK AS SHOWN.

SER. NO. 76-451,175, FILED 9-19-2002.

WILLIAM VERHOSEK, EXAMINING ATTORNEY